# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| YOUDLYNE RENARD, | ) |
| | ) Civil Action |
| Plaintiff, | ) File No.: |
| | ) |
| v. | ) FAIR LABOR STANDARDS ACT |
| | ) ACTION |
| POTEAT ENTERPRISES, INC. | ) |
| d/b/a CLEARVIEW | ) Jury Trial Demand |
| COMMUNICATIONS | ) |
| and RYAN POTEAT, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

**COMES NOW** Plaintiff and submits this Complaint against Defendants based on the following allegations:

**(Parties, Jurisdiction and Venue)**

1.

This cause of action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), seeking remedy for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees.

1

2.

Plaintiff was and is a resident of the State of Georgia and the Northern District of Georgia at all times material to Plaintiff's employment relationship with Defendant.

3.

Plaintiff was denied overtime compensation during the term of her employment.

4.

Defendant Poteat Enterprises, Inc. d/b/a Clearview Communications is a domestic profit corporation which is doing business in the State of Georgia at all times material to Plaintiff's employment with Defendants. Defendants' principal address is 3763 Jonathan Glen Way Snellville, GA 30039. Defendant may be served upon its registered agent for service of process, Ryan Poteat, at 3763 Jonathan Glen Way, Snellville, GA, 30039.

5.

Defendant Poteat Enterprises is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

6.

Defendant Ryan Poteat is the CEO and/or owner of Poteat Enterprises. Defendant was acting in the interest of Poteat Enterprises and is an employer within the meaning of FLSA § 203(d) as he set the terms and conditions of employment for Plaintiff, including the decision not to pay Plaintiff overtime. Defendant may be served with process at 3763 Jonathan Glen Way, Snellville, GA, 30039.

7.

By not paying Plaintiff overtime, Defendant Ryan Poteat was able to personally gain substantially more from his ownership of Poteat Enterprises, such as, paying himself a greater profit, salary and/or benefits.

8.

Jurisdiction over the claims in this Complaint are conferred pursuant to 28 U.S.C. § 1331 and § 1337, 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

9.

Jurisdiction and venue are proper in this judicial district.

## FACTUAL ALLEGATIONS

10.

Defendant Poteat Enterprises currently employs, and has employed, over 25 individuals in the metropolitan Atlanta area.

11.

Defendant Poteat Enterprises is a covered employer under 29 U.S.C. § 203(s)(A) as it is an enterprise whose (i) employees engaged in commerce and (ii) has an annual gross volume of sales made or business done is greater than $500,000.

12.

Defendant Poteat Enterprises is a satellite cable installation company which maintains offices in Georgia and Texas, while also providing customers with access to satellite television feeds worldwide.

14.

Plaintiff was employed by Defendants as an Office Manager from December 2011 through August 2015 with the exception of a brief break in employment from June 2012 through August 2012.

15.

Plaintiff's duties as Office Manager entailed:

(A) Required attendance during normal operating hours of 8am-5pm, six (6) days a week;

(B) Performance of various administrative tasks, including but not limited to: 1) cancelling, rescheduling, and/or postponing installation jobs, 2) contacting, scheduling and/or monitoring installation technicians and managers, 3) monitoring MASTEC main-frame and ensuring job completion;

(C) Proxy Human Resources employee for technicians, such as, scheduling meetings, time-off requests, training etc.;

(D) Handling of payroll documents to be submitted through a Virginia-based payroll company; and

(E) Expectation of availability, via by phone, in order to preform company services between the hours of 7am through 8am and 6pm through 10pm; Monday through Friday.

16.

Defendants falsely classified Plaintiff as an independent contractor.

17.

Despite classification of Plaintiff as an independent contractor, Defendants have exercised at least the following controls over Plaintiff:

(A)  Defendants set Plaintiff's work schedule from beginning to end;

(B)  Plaintiff was required to work in excess of 40 hours per week to maintain her employment;

(C)  Defendants had the right to control Plaintiff's tasks and location;

(D)  Defendants required Plaintiff to perform particular procedures;

(E)  Defendants had the right to inspect Plaintiff's work;

(F)  Defendants had the right to assign Plaintiff additional tasks;

(G)  Plaintiff was required to personally perform her duties;

(H)  In accordance with Defendants' contractual agreement, Plaintiff was not allowed to reassign any portion of her duties;

(I)  Defendants controlled Plaintiff's earnings ($17.50 per hour);

(J)  Plaintiff was paid through Defendants' payroll;

(K)  Plaintiff did not have the opportunity for profit or loss depending upon her managerial skills;

(L)  Plaintiff adhered to disciplinary procedures enforced by Defendants;

(M) Plaintiff was not required to possess special skillset;

(N) Plaintiff was considered an "at-will" employee ;

(O) Defendants, at all relevant times, possessed ability to hire and/or terminate Plaintiff;

(P) Plaintiff's employment contract lacked specification of term expiration;

(Q) Plaintiff was entirely dependent upon Defendants financially; and,

(R) Defendants possessed necessary equipment and/or tools required for performance of Plaintiff's job.

18.

The main purpose of Plaintiff's occupation was to do a combination of routine administrative support and general office management.

19.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

20.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers.

21.

Plaintiff did not possess discretion or exercise independent judgment in the daily activities she performed, but was given a schedule of tasks to complete.

22.

Plaintiff was required to work a specific schedule as well as be available by phone and to have internet access on hours outside of her scheduled time in the office.

23.

Throughout the entirety of her employment Defendants regularly required Plaintiff to work significantly in excess of 40 hours per week, with Plaintiff averaging 32 hours of overtime for each week of her employment.

24.

Defendants did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which she was employed.

25.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. § 207.

26.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## COUNT I: CLAIM FOR RELIEF UNDER THE FLSA

27.

The above facts support Plaintiffs' claims for relief under the FLSA and are therefore respectfully reincorporated.

28.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

29.

Defendants' violation of these provisions is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests this Court:

(a)   Take jurisdiction of this matter;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Award to Plaintiff payment for each overtime hour worked calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due, and prejudgment interest on all amounts owed, as required by the FLSA;

(d)   Award Plaintiff her attorney's fees and costs; and

(e) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 23rd day of September, 2015.

        **Keegan Law Firm, LLC**

        */s/Marcus G. Keegan*
        Marcus G. Keegan
        Georgia Bar. No. 410424
        2987 Clairmont Road NE
        Suite 225
        Atlanta, Georgia 30329
        (404) 842-0333(Phone)
        (404) 920-8540 (Fax)
        mkeegan@keeganfirm.com