```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

| | | |
|---|---|---|
| YOUDLYNE RENARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | NO. 1:15-CV-03348-LLM |
| POTEAT ENTERPRISES, INC., | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

**JOINT MOTION AND MEMORANDUM SEEKING APPROVAL
OF THE PARTIES' STIPULATED SETTLEMENT AGREEMENT**

COMES NOW, Poteat Enterprises, Inc. and Ryan Poteat, Defendants, and Youdlyne Renard, (collectively referred to as the "Parties") in the above-styled action ("Lawsuit"), by and through their counsel of record, and hereby request that this Court approve their "General Release and Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A. For the reasons set forth below, the Parties respectfully request that this Court approve the Settlement Agreement, and dismiss this Lawsuit with prejudice.

**I.   BACKGROUND**

In this Lawsuit, the Plaintiff alleges violations for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"). The Plaintiff seeks overtime

pay, liquidated damages, and costs and attorneys' fees. (Docket No. 1)

The Defendants dispute the Plaintiff's claims, and contend that the Plaintiff was an independent contractor. (Docket No. 8)  The Defendants further contend that, even if the Plaintiff was determined to be an employee, the Plaintiff did not work over forty (40) hours per week.  The Defendants also contend that, even if the Plaintiff was entitled to any overtime, the calculation would be based on the Fluctuating Work Week calculation, that is, based on a half-time calculation.  See Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1310-11 (2013);  Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580, 62 S. Ct. 1216 (1942).

The Parties have reached an agreement to resolve all of the Plaintiff's claim for unpaid wages, liquidated damages, and costs and attorneys' fees.  The Parties now respectfully request that this Court approve the Settlement Agreement pertaining to the Plaintiff's FLSA claims.  The Parties' Settlement Agreement contains a confidentiality clause.  Therefore, the Parties are contemporaneously filing a Joint Motion to File Settlement Agreement.

## II.   CITATION OF AUTHORITY

**A. Approval By The Court.**

Pursuant to 29 U.S.C. § 216(b) the compromise of FLSA claims require approval by the Court, when the payment is not made through the Department of Labor.  See <u>Lynn's Food Stores v. United States</u>, 679 F.2d 1350 (11th Cir. 1982)(holding a private suit filed by employees requires that the settlement be reviewed and approved by the Court).

In this Lawsuit, the Plaintiff was paid a flat fee on a bi-monthly basis.  The Defendants classified the Plaintiff as an independent contractor.  The Defendants made this decision based on the advice of an accounting professional.  Consequently, the Defendants paid the Plaintiff a bi-monthly flat fee and allowed her to perform the requested services based on her own schedule.  Thus, the Defendants have not maintained records of hours that the Plaintiff worked.  However, the Defendants dispute that the Plaintiff performed services over forty (40) hours a week.

In this Lawsuit, the Plaintiff also does not have records reflecting the actual hours she contends she is owed overtime.  The Plaintiff has made a reasonable estimation based on her phone records.  Defendants dispute this estimation.

3

Based on the Plaintiff's estimation, she agrees that the amount being paid to her under the Settlement Agreement is fair and reasonable.  The Parties agree that this amount is a fair and reasonable amount because determining the amount, if any, owed to the Plaintiff will be difficult to prove in this Lawsuit.  Defendants further contend that even if the Court were to determine any liability, that they acted in good faith and based on reasonable grounds, as defined by 29 U.S.C. § 260 by relying on professional advice in classifying the Plaintiff as independent contractor.  For this same reason, Defendants contend that a two (2) year statute of limitation will apply as their actions were not willful, as defined by 29 U.S.C. § 255(a).

Given the number of legal and factual issues involved in this Lawsuit, there is substantial uncertainty as to whether the Plaintiff will recover any overtime compensation.  Specifically, (1) whether the Plaintiff is an employee under the FLSA, (2) if so, the number of hours of overtime, if any, the Plaintiff would be entitled, and, (3) the reduction of those hours by the fluctuating work week calculation.  Thus, there is substantial uncertainty as to whether the Plaintiff will recover any compensation in this Lawsuit.

For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a "fair and reasonable" resolution of the Plaintiff's claims.  The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement.  The Parties have reached the Settlement Agreement by taking into consideration the disputed issues, and a desire to fully resolve all issues between the Parties.

In addition, the Parties reached this Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation.  This Settlement Agreement provides the Parties with a reasonable resolution and certainty.  Thus, this Settlement Agreement amount fairly and reasonably compensates the Plaintiff.

**B.    Plaintiff's Attorney Fees Are Reasonable.**

Under the FLSA a prevailing party is entitled to attorneys' fees and costs.  See 29 U.S.C. § 216(b).  In this action, Plaintiff's counsel, Marcus Keegan of the Keegan Law Firm, LLC, seeks to be paid for attorneys' fees and costs for the FLSA claims.  This amount has also been agreed to by Defendants.  The requested fee is reasonable taking into considering the legal criteria for awarding attorneys' fees under fee shifting statutes.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983;

<u>Norman v. Hous. Auth. Of the City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Plaintiff's contract with her counsel provides, if the case is settled after filing the Lawsuit, for a contingency fee of 40% percent of the total gross amount, plus expenses. The amount being paid to Plaintiff's counsel pursuant to the Settlement Agreement is reasonable. Plaintiff's counsel submits that based on the number of hours he has expended in this case and based on his hourly rate that, this amount is approximately close to his actual attorneys' fees incurred in reviewing the file, drafting the Complaint, negotiating the settlement, and reviewing the settlement document and pleadings. Therefore, the amount of costs and attorneys' fees is reasonable.

### III. CONCLUSION

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement. The Parties further request that this Court dismiss this Lawsuit with prejudice.

Respectfully submitted this <u>22nd</u> day of February 2016.

| | |
|---|---|
| **THE REDDY LAW FIRM, P.C.** | **KEEGAN LAW FIRM, LLC** |
| s/K. Prabhaker Reddy | s/Marcus Keegan |
| Counsel for Defendants | Counsel for Plaintiff |
| K. Prabhaker Reddy | Marcus G. Keegan |
| Georgia Bar No. 597320 | Georgia Bar. No. 410424 |
| 1325 Satellite Boulevard | 2987 Clairmont Road, N.E. |
| Suite 1506 | Suite 225 |
| Suwanee, Georgia 30024 | Atlanta, Georgia 30329 |

```
Telephone:  (678) 629-3246        Telephone:  (404) 842-0300
Facsimile:  (678) 629-3247        Facsimile:  (404) 920-8540
Email:  kpr@reddylaw.net          Email:  mkeegan@keeganfirm.com
```